UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO HUERTA HUERTA (A-240-174-025), | No. 1:26-cv-2301 DAD CSK |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WARDEN of the Golden State Annex Detention Facility, et al., | |
| Respondents. | |

Petitioner Pedro Huerta Huerta (A-240-174-025), a native and citizen of Mexico who entered the United States without inspection in 1999, filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] On March 11, 2026, petitioner was arrested and detained by U.S. Immigration and Customs Enforcement ("ICE") officers during a vehicle stop. This habeas action concerns petitioner's March 2026 detention. For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and requiring respondents to provide petitioner with a bond hearing.

///

///

---

[1] Petitioner paid the filing fee and is proceeding through counsel. This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

## I.    FACTUAL BACKGROUND[2]

Petitioner, a native and citizen of Mexico, entered the United States without inspection in 1999, and has resided in the United States continuously since that time.  (ECF No. 1 at 12.)  On March 11, 2026, petitioner had just dropped his daughter off at high school and was on his way to work when he was stopped by officers in an unmarked black SUV.  (Id. at 13.)  Initially, the officers questioned petitioner about the vehicle he was driving, which he had recently purchased; after petitioner responded, the officers began asking him questions about his immigration status.  (Id.)  ICE officers took petitioner into custody on March 11, 2026, detained him, and confiscated his cell phone, wallet and keys, which they refused to release to his family.  (Id.)  This was petitioner's first interaction with immigration authorities.  (Id. at 19.)

On March 11, 2026, a warrant for arrest of alien was issued by the U.S. Department of Homeland Security ("DHS") pursuant to the Immigration and Nationality Act ("INA") Sections 236 (8 U.S.C. § 1226) and 287 (8 U.S.C. § 1357).  (ECF No. 7-1 at 4.)  A Notice to Appear was issued on March 11, 2026, alleging that petitioner was unlawfully present in the United States in violation of 8 U.S.C. § 1182(a)(6)(A)(i).  (Id. at 5-6.)  Petitioner denies receiving a copy of the Notice to Appear.  (ECF No. 1 at 13.)

Petitioner had a master calendar hearing on March 27, 2026, at which time he received a continuance to May 8, 2026, in order to retain counsel.  (ECF No. 7 at 2 (citing ECF No. 7-1 at 9-10.)

Petitioner has no criminal history, which respondents do not dispute.  (ECF No. 1 at 13, 15; see ECF No. 7.)  Immigration records confirm petitioner has no criminal history.  (ECF No. 7-1 at 3.)  During his 26 year residence in the United States, petitioner has lived with his long-time partner, and they have two daughters who are United States citizens, including one who is a minor.  In addition, petitioner is a member of a local church where he participates in a men's group and serves the community through a monthly food drive and food bank.  (Id. at 13.)

---

[2]  Petitioner filed a verified habeas petition.  (ECF No. 1 at 5.)  A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit."  L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

Petitioner has a long term career in the restaurant industry and since at least 2012 was promoted to regional manager of Tofas Mediterranean Grill.  (Id.)

## II.    PROCEDURAL BACKGROUND

On March 24, 2026, petitioner, through counsel, filed his petition for writ of habeas corpus.  (ECF No. 1.)  On April 13, 2026, respondents filed a motion to dismiss.  (ECF No. 7.)  On April 20, 2026, petitioner filed an opposition to the motion to dismiss.  (ECF No. 8.)  Respondents did not file a reply.  (See Docket.)  Briefing is now complete.

## III.   LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV.    DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community.  See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention).  Petitioner alleges that he has been denied an opportunity to seek release on personal recognizance or bond, either before ICE or an immigration judge.  (ECF No. 1 at 2, 3.)  Petitioner challenges his continued detention based on violation of the INA and the Administrative Procedure Act ("APA") (claim one), and violation of petitioner's substantive and procedural due process rights under the Fifth Amendment (claims two and three).  (ECF No. 1 at 14-20.)  Also, petitioner seeks access to immigration records (claim four).  (Id. at 20-21.)  Respondents do not argue that petitioner is a flight risk or a danger

to the community and instead argue that as an "applicant for admission," petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A), and petitioner is not entitled to due process protections. (ECF No. 7 at 2, 3 n.1.) Respondents further argue that if the Court finds petitioner is subject to detention under § 1226(a), the proper remedy is to order a bond hearing at which petitioner bears the burden of proving he is not a flight risk or danger to the community. (Id. at 3 (citing Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022)).)

### A.    Statutory Claim (Claim One)

The issue here is whether petitioner, who has lived in the United States since 1999, is detained pursuant to § 1226(a), as petitioner argues, or whether petitioner is subject to mandatory detention under § 1225(b)(2), as respondents argue. 8 U.S.C. § 1225(b)(2) mandates detention during removal proceedings for applicants "seeking admission" and does not provide for a bond hearing. 8 U.S.C. § 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." Rodriguez Diaz, 53 F.4th at 1196. Under § 1226(a), the government makes an initial custody determination, and the noncitizen will be released upon a showing "to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding." Id. (citing 8 C.F.R. § 236.1(c)(8)). Section 1226(a) provides "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Id. at 1202. Therefore, "[i]f the noncitizen is detained under section 1226(a), she is entitled to a bond hearing." Labrador-Prato v. Noem, 2025 WL 3458802, at *3 (E.D. Cal. Dec. 2, 2025) (citing Jennings v. Rodriguez, 583 U.S. 281, 306 (2018)). Respondents contend § 1225(b)(2) applies because petitioner is an "applicant for admission" and therefore subject to mandatory detention. (ECF No. 7 at 2-3.)

This Court concludes that § 1226(a) applies to petitioner. This Court agrees with and joins the majority of courts nationwide, including the Eastern District of California, in rejecting

///

///

respondents' new interpretation[3] of Sections 1225 and 1226.  See Rodriguez Vazquez v. Bostock, 802 F. Supp.3d 1297, 1303, 1328-30 (W.D. Wash. Sept. 30, 2025) (concluding, after a thorough analysis, that "the government's [interpretation of § 1225] belies the statutory text of the [Immigration and Nationality Act], canons of statutory interpretation, legislative history, and longstanding agency practice"); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful."); J.S. v. Wofford, No. 1:25-CV-02016 DC SCR, 2026 WL 125258, at *1, *3-5 (E.D. Cal. Jan. 16, 2026), findings and recommendations adopted, 2026 WL 297304 (E.D. Cal. Feb. 4, 2026) (finding § 1226(a) applicable to immigration detainee who lived in the United States for approximately 33 years before being detained by ICE).

"These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [petitioner], living in the interior of the country." Salcedo

---

[3]  Until DHS changed its policy in July 2025, the Government consistently applied Section 1226(a), not Section 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal.  See Rodriguez Diaz, 53 F.4th at 1196.

5

Aceros v. Kaiser, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases). By contrast, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases). This Court incorporates and adopts the thorough and persuasive reasoning of the district court in Lepe, 2025 WL 2716910, at *3-9.

Following the majority of courts, this Court rejects the government's new interpretation of 8 U.S.C. § 1225(b)(2) and their contention that petitioner is an "applicant for admission" subject to § 1225(b)(2). This Court finds that petitioner is detained under 8 U.S.C. § 1226(a) and its implementing regulations because petitioner has resided in this country for over 25 years and his arrest and detention in March 2026 was not upon his arrival to the United States. (See ECF No. 1 at 12, 13.) "Federal regulations provide that [noncitizens] detained under § 1226(a) receive bond hearings at the outset of detention." Jennings, 583 U.S. at 306 (citing 8 CFR § 236.1(d)(1)). If, at this hearing, the detainee demonstrates that he or she is not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," the immigration judge will order his or her release. Rodriguez Diaz, 53 F. 4th at 1197 (citing Matter of Guerra, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)). As such, petitioner should have been provided a bond hearing, and he is entitled to relief on his statutory claim.

**B.    Petitioner's Other Claims for Relief**

Because petitioner's statutory claim provides petitioner adequate relief, this Court need not address petitioner's constitutional claims (claims two and three) and APA claim (included in claim 1). Petitioner's fourth claim, entitled "Access to Records," is not a claim for habeas relief, but rather a request for documents. Through this action, petitioner has been provided with documents from petitioner's immigration file, including a copy of the March 11, 2026 arrest warrant and Notice to Appear, as well as a copy of petitioner's Form I-213. (See ECF No. 7-1.) It appears that petitioner has been provided with all immigration documents pertinent to this action. To the extent petitioner seeks additional documents, petitioner's request is denied as an

improper habeas claim.

## V.    REMEDY

### A.    Immediate Release or Bond Hearing

As relief, petitioner requests immediate release from custody, with all his personal property, or, in the alternative, that he be released pending a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), at which the government bears the burden of justifying his detention by clear and convincing evidence.  (ECF No. 1 at 3-4.)  Further, petitioner contends that immediate release is appropriate to remedy the constitutional violations where petitioner was not given pre-deprivation notice or individualized review before petitioner's arrest.  (Id. at 16.) Respondents counter that if this Court finds that petitioner is subject to detention under § 1226(a), the proper remedy is a bond hearing before an immigration judge where petitioner bears the burden to demonstrate he is not a flight risk or danger to the community.  (ECF No. 7 at 4.)

Considering § 1226(a)'s discretionary detention framework, and the absence of any prior release on bond pursuant to § 1226(a), this Court finds that an order directing respondents to provide a bond hearing, rather than immediate release, is the appropriate remedy.  See 8 U.S.C. § 1226(a)(1) (authorizing the Attorney General to arrest and detain noncitizens pending removal proceedings); Rodriguez Vazquez, 779 F. Supp. 3d at 1263 (explaining "the specific harm [petitioner] alleges—that he is unlawfully barred from receiving a bond hearing on the merits—is remedied by granting his request for a bond hearing under Section 1226(a)[.]"); see also J.S. v. Wofford, 2026 WL 125258, at *8 (ordering bond hearing where no prior release on bond pursuant to § 1226(a)); Cresencio Sandoval Alvarez v. Warden, 2026 WL 913250, at *3 (E.D. Cal. Apr. 3, 2026) (same).  The Court further concludes that the appropriate burden of proof at this initial bond hearing is on petitioner where there was no prior release and in the absence of a prolonged detention finding.  See J.S. v. Wofford, 2026 WL 297304, at *2 (E.D. Cal. Feb. 4, 2026); 8 C.F.R. §§ 236.1(d)(1), 1003.19; Rodriguez Diaz, 53 F.4th at 1197 (citing 8 C.F.R. §§ 236.1(d)(1), 1003.19)).  At this hearing, "[p]etitioner bears the burden of establishing that he is not a risk of flight or danger to the community."  J.S. v. Wofford, 2026 WL 297304, at *2 (where petitioner not previously released by immigration authorities or subject to prolonged detention, granting

bond hearing where petitioner bears burden of proof), adopting findings and recommendations, 2026 WL 125258, at *8 (E.D. Cal. Jan. 16, 2026).

**B.      Request for Order Barring Transfer Outside Court's Jurisdiction**

Petitioner also asks the court to issue an order, under the All Writs Act, 28 U.S.C. § 1651, barring petitioner's transfer outside of this Court's jurisdiction pending resolution of this action. The request should be granted.

**VI.    RESPONDENTS' MOTION TO DISMISS**

For the reasons set forth above, respondents' motion to dismiss (ECF No. 7) should be denied.

**VII.   CONCLUSION**

In summary, the Court recommends that the petition for writ of habeas corpus be granted on petitioner's statutory claim (claim one).

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2.  Respondents' motion to dismiss (ECF No. 7) be DENIED.

3.  Respondents be directed not to transfer petitioner outside this district court's jurisdiction during the pendency of this action.

4.  Respondents be ordered to provide petitioner Pedro Huerta Huerta (A-240-174-025) with a bond hearing within **seven days** of the adoption of these findings and recommendations where petitioner has the burden to demonstrate that he is not a flight risk or danger to the community.  Petitioner shall be allowed to have his counsel present at the bond hearing.

5.  If petitioner is granted release on bond, respondents shall return all of petitioner's documents and possessions at the time of release.

6.  The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** of

8

the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 29, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/huer2301.157.2241.imm.bond

9