UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

<table>
<tr><td>PEDRO HUERTA HUERTA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents.</td><td>No. 1:26-cv-02301-DAD-CSK<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART AND DENYING RESPONDENTS' MOTION TO DISMISS<br><br>(Doc. Nos. 1, 7, 9)</td></tr>
</table>

Petitioner is a federal immigration detainee proceeding through counsel with a petition for writ of habeas corpus. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 29, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of *habeas corpus* (Doc. No. 1) be granted and respondent's motion to dismiss (Doc. No. 7) be denied. (Doc. No. 9.) Specifically, the magistrate judge found that petitioner could not be detained pursuant to 8 U.S.C. § 1225(b) but could instead be detained pursuant to 8 U.S.C. § 1226(a). (*Id.* at 6.) The magistrate judge then determined that the appropriate remedy is a bond hearing, rather than immediate release, because petitioner has not been previously released on bond. (*Id.* at 7.) The magistrate judge determined

/////

1

that petitioner's statutory claim provided adequate relief and therefore declined to address petitioner's remaining claims.  (*Id.* at 6.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service.  (*Id.* at 8–9.) Respondents filed their objection to the pending findings and recommendations on April 29, 2026.  (Doc. No. 10.)  Respondents' objection consists of a single sentence that "Respondents object to the findings and recommendations based on the arguments raised in the prior filing." (*Id.* at 1.)  This objection does not serve as a basis to reject the findings and recommendations.

Petitioner filed his objections on May 4, 2026.  (Doc. No. 11.)  Petitioner does not object to the magistrate judge's finding that he may be subject to detention pursuant to § 1226(a).  (*Id.* at 2.)  Rather, petitioner limits his objections to the magistrate judge's recommended remedy.  (*Id.*) Specifically, petitioner argues that his constitutional claims provide for his release because respondents' *post hoc* assertion that he may be subject to discretionary detention pursuant § 1226(a), without any argument that petitioner in fact poses a flight risk or a danger to the community and without any bond hearing, violates his due process rights.  (*Id.* at 4–9.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis to the extent that they conclude that petitioner's detention violates the INA.  However, the court declines to adopt the findings and recommendations as to the recommended remedy.

Petitioner has been in immigration detention since March 11, 2026 without a bond hearing.  (Doc. No. 1 at ¶ 46.)  Under similar circumstances, another court in this district has explained as follows:

> Despite ample opportunity to do so, the Government has not provided Petitioner with the statutorily required bond hearing . . . Such a lengthy delay in providing the statutorily mandated bond hearing violates Petitioner's due process rights. *See Gerstein v. Pugh*, 420 U.S. 103, 125–126 (1975) (For state criminal defendants "a timely judicial determination of probable cause is a necessary prerequisite of detention[.]"); *Morrissey v. Brewer*, 408 U.S. 471, 485 (1972) (In the context of parole revocation "due process would seem to require that some minimal inquiry be conducted at or

2

reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest . . . ."); *see also United States v. Montalvo-Murillo*, 495 U.S. 711, 723 n.3 (1990) (Stevens, J., dissenting) (stating that "[w]e have recognized that delay of a hearing related to detention itself can violate constitutional guarantees of due process[,]" and citing the previously cited cases). The Government has made a unilateral determination that individuals such as Petitioner are not entitled to a bond hearing, denying them the process they are due under section 1226(a). . . . Provision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right.

*Feng v. Lyons*, No. 1:26-cv-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026); *see also Martinez-Bonilla v. Santacruz*, No. 1:26-cv-03334-DAD-JDP, 2026 WL 1346685, at *4 (E.D. Cal. May 14, 2026) (finding that the typical habeas remedy of release was appropriate even though petitioner did have previous contacts with immigration authorities because the government erroneously detained the petitioner pursuant to § 1225(b), the government did not provide a lawful justification for petitioner's mandatory detention, and the petitioner's due process rights were violated due to the delay in providing him a bond hearing such that the provision of a bond hearing was constitutionally insufficient), *report and recommendation adopted Martinez-Bonilla v. Santacruz, et al.*, No. 1:26-cv-03334-DAD-JDP (HC), 2026 WL 1494002 (E.D. Cal. May 28, 2026); *Rodriguez v. Warden*, No. 1:26-cv-3222-DC-JDP, 2026 WL 1328510, at * 3–4 (E.D. Cal. May 13, 2026) (granting release under similar circumstances where the petitioner was detained for approximately two months without a bond hearing), *report and recommendation adopted sub nom. Rodriguez Rodriguez v. Warden, et al.*, No. 1:26-cv-03222-DC-JDP (HC), 2026 WL 1506837 (E.D. Cal. May 29, 2026). In cases such as petitioner's, where the government has not advanced any argument or provided any evidence that petitioner poses a danger to the community or a flight risk, and petitioner has been denied his statutory right to a bond hearing for months, the court finds that release is the appropriate remedy. *See Feng*, 2026 WL 472635, at *2 (ordering release where the government "intentionally chose to deny petitioner the right to a bond hearing, and there is no indication before the Court of *prima facie* evidence that Petitioner could be found to be a risk of flight or a danger to the community").

/////

3

For the reasons above,

1. The findings and recommendations filed on April 29, 2026 (Doc. No. 9) are ADOPTED IN PART;

2. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner, Pedro Huerta Huerta, A-File No. 240-174-025, from respondents' custody;

   b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without notice and a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a);

3. Respondents' motion to dismiss (Doc. No. 7) is DENIED;

4. The Clerk of the Court is directed to serve the Golden State Annex Detention Facility with a copy of this order; and

5. The Clerk of the Court is also directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **June 1, 2026**   _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4